## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## EASTERN DIVISION

**D.M., individually and as next**
**friend of two minor children,**
**N.M. and A.M.**                                                    **PLAINTIFFS**

**v.**                                        **CIVIL ACTION NO. 2:20-CV-48-KS-JCG**

**FORREST COUNTY SHERIFF'S**
**DEPARTMENT, *et al.***                                          **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

For the reasons provided below, the Court **grants** Defendants' Motion to Strike [32]; **grants** the Motion to Dismiss [12] filed by the District Attorney's Office for the Twelfth Circuit Court District and Assistant District Attorney Becky Denham; **grants** Defendant Alyssa Chandlee's Motion for Judgment on the Pleadings [18]; and **grants in part and denies in part** the Motion for Judgment on the Pleadings filed by Defendants Forrest County Sheriff's Department, Forrest County Board of Supervisors, and Alyssa Chandlee.

Plaintiffs may seek leave to amend their pleading to correct the numerous deficiencies outlined in this opinion. Any motion seeking such leave must be filed within fourteen days of the entry of this opinion and comply with Local Rule 15.

### I. BACKGROUND

This case arises from an investigation into allegations of child molestation. Plaintiff D. M. filed this suit on behalf of herself and her minor children, N. M. and A. M. She contends that Defendants mishandled a criminal investigation and grand

jury proceedings. Specifically, Plaintiffs contend that Defendant Alyssa Chandlee, a Deputy of the Forrest County Sheriff's Department, negligently conducted an interview of the minor Plaintiffs and provided false and/or misleading testimony during a grand jury proceeding. Plaintiffs also contend that Defendant Becky Denham, an Assistant District Attorney, conspired with Chandlee to protect the man accused of molestation. Plaintiffs referred to a wide variety of statutes and constitutional provisions in their Complaint, but the pleading is less than clear as to the factual predicate underlying each cause of action. Defendants filed numerous motions, which are fully briefed and ripe for review.

## II. MOTION TO STRIKE [32]

Defendants filed a Motion to Strike [32] numerous exhibits to Plaintiffs' responses to the motions for judgment on the pleadings. Defendants contend that the exhibits are beyond the proper scope of review for a motion under Rule 12(c). In response, Plaintiffs argue that the motion to strike is improper because the Court stayed the case pending resolution of Defendants' dispositive motions. Plaintiffs also argue that the Court must convert Defendants' motions to motions for summary judgment under Rule 56 and consider the evidence. Plaintiffs are mistaken on both counts.

Local Rule 16 provides, in relevant part: "Filing a . . . motion asserting an immunity defense . . . stays the attorney conference and disclosure requirements and all discovery, pending the court's ruling on the motion, including any appeal."

2

L.U.Civ.R. 16(b)(3)(A). As the Fifth Circuit has explained, "[o]ne of the most salient benefits of qualified immunity is protection from pretrial discovery, which is costly, time-consuming, and intrusive." *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012). Indeed, "that is *precisely* the point of qualified immunity," as it confers "immunity from suit rather than a mere defense to liability." *Id.* (*see also Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S. Ct. 2806, 86 L. Ed. 411 (1985)). Therefore, "[i]t is common for a district court to order a stay in discovery when a court is considering an immunity defense." *Grumbles v. Livingston*, 706 F. App'x 818, 820 (5th Cir. 2017). Accordingly, the Court only stayed the normal discovery, attorney conference, and disclosure requirements, but Defendants were still free to file the subject Motion to Strike [32].

As for the scope of review, motions for judgment on the pleadings under Rule 12(c) are subject to the same standard of review as a motion under Rule 12(b)(6). *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). To survive a motion to dismiss under Rule 12(b)(6), the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010). "To be plausible, the complaint's factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (punctuation omitted). The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Id.* But the Court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* Likewise, "a formulaic recitation of the elements

3

of a cause of action will not do." *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412, 417 (5th Cir. 2010) (punctuation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

"The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Ironshore Europe DAC v. Schiff Hardin, LLP*, 912 F.3d 759, 763 (5th Cir. 2019). The Court may also consider matters of public record, *Davis v. Bayless*, 70 F.3d 367, n. 3 (5th Cir. 1995), and any other matters of which it may take judicial notice. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011). "If, on a motion under . . . Rule 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." FED. R. CIV. P. 12(d). However, the "district court has complete discretion to either accept or exclude the evidence." *Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 783 (5th Cir. 2008).

First, the Court declines to consider any evidence outside the pleadings when addressing the pending dispositive motions. Accordingly, the Court need not convert them to motions for summary judgment under Rule 56. The Court must determine which, if any, of the disputed exhibits are within the boundaries of the applicable

standard of review. Defendants argue that six of Plaintiffs' exhibits must be stricken. The Court will address each one.

First, the purported Notice of Claim, attached as Exhibit A[1] to each Response, was not attached to the Complaint or the Motions for Judgment on the Pleadings. It is also not a matter of public record, and Plaintiffs have not argued that the Court may otherwise take judicial notice of it. Therefore, the Court may not consider Exhibit A to Plaintiffs' Responses to the pending Motions for Judgment on the Pleadings.

Next, D. M.'s affidavit, attached as Exhibit B[2] to each Response, was not attached to the Complaint or the Motions for Judgment on the Pleadings. It is also not a matter of public record, and Plaintiffs have not argued that the Court may otherwise take judicial notice of it. Therefore, the Court may not consider Exhibit B to Plaintiffs' Responses to the pending Motions for Judgment on the Pleadings.

Finally, the investigation file from the Forrest County Sheriff's Department, attached as Exhibit D[3] to each Response, was not attached to the Complaint or Motions for Judgment on the Pleadings. Moreover, it is not a matter of public record. Law enforcement agencies' "investigative reports" are exempt from the provisions of the Mississippi Public Records Act ("MPRA"). MISS. CODE ANN. § 25-61-12(2). The

---

[1] *See* Exhibit A to Response, *D.M. v. Forrest County Sheriff Dep't*, No. 2:20-CV-48-KS-JCG (S.D. Miss. May 5, 2020), ECF No. 25-1; Exhibit A to Response, *D.M. v. Forrest County Sheriff Dep't*, No. 2:20-CV-48-KS-JCG (S.D. Miss. May 5, 2020), ECF No. 27-1.

[2] *See* Exhibit B to Response, *D.M. v. Forrest County Sheriff Dep't*, No. 2:20-CV-48-KS-JCG (S.D. Miss. May 5, 2020), ECF No. 25-2; Exhibit B to Response, *D.M. v. Forrest County Sheriff Dep't*, No. 2:20-CV-48-KS-JCG (S.D. Miss. May 5, 2020), ECF No. 27-2.

[3] *See* Exhibit D to Response, *D.M. v. Forrest County Sheriff Dep't*, No. 2:20-CV-48-KS-JCG (S.D. Miss. May 5, 2020), ECF No. 25-4; Exhibit D to Response, *D.M. v. Forrest County Sheriff Dep't*, No. 2:20-CV-48-KS-JCG (S.D. Miss. May 5, 2020), ECF No. 27-4.

MPRA generally defines "investigative reports" as "records of a law enforcement agency containing information beyond the scope of matters contained in an incident report . . . ." MISS. CODE ANN. § 25-61-3(f). The investigation file in question clearly falls within this definition. Accordingly, the Court may not consider Exhibit D to Plaintiffs' Responses to the pending Motions for Judgment on the Pleadings.

For these reasons, the Court **grants** Defendants' Motion to Strike [32]. The Court hereby orders that Exhibits A, B, and D to Plaintiffs' Responses to Defendants' Motions for Judgment on the Pleadings – Docket Nos. [25-1], [25-2], [25-4], [27-1], [27-2], and [27-4] – shall be stricken.

### III. MOTION TO DISMISS [12]

The District Attorney's Office for the Twelfth Circuit Court District and Assistant District Attorney Becky Denham (the "D.A. Defendants") filed a Motion to Dismiss [12]. Among other things, they argue that the D.A.'s Office and Denham in her official capacity enjoy sovereign immunity from liability against Plaintiffs' claims. The Eleventh Amendment to the United States Constitution provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. This amendment protects states from being sued in federal court for damages. *Pace v. Bogalusa City Sch. Bd.*, 403 F.3d 272, 276 (5th Cir. 2005). It applies to suits under both state and federal law. *See, e.g. Guajardo v. State Bar of Texas*, 803 F.

App'x 750, 755 (5th Cir. 2020). The protection extends to "any state agency or other political entity that is deemed the 'alter ego' or an 'arm' of the State." *Vogt v. Bd. of Comm'rs of Orleans Levee Dist.*, 294 F.3d 684, 689 (5th Cir. 2002). But the protection is not absolute. *Pace*, 403 F.3d at 276. First, states can waive their sovereign immunity. *Bennett-Nelson v. La. Bd. of Regents*, 431 F.3d 448, 451 (5th Cir. 2005). Second, "Congress may abrogate state sovereign immunity pursuant to the enforcement power conferred by § 5 of the Fourteenth Amendment." *Id.*

Congress has not abrogated the states' sovereign immunity from suit under §§ 1981, 1983, 1985, or 1986. *Price v. Shorty*, 632 F. App'x 211, 212 (5th Cir. 2016); *Hines v. MDOC*, 239 F.3d 366, 2000 WL 1741624, at *2-*3 (5th Cir. 2000). Moreover, Mississippi has not waived its sovereign immunity. *See, e.g.* MISS. CODE ANN. § 11-46-5(4); *Moore v. Univ. of Miss. Med. Ctr.*, 719 F. App'x 381, 387-88 (5th Cir. 2018). Finally, in Mississippi, district attorneys are state officials, and, therefore, they are entitled to Eleventh Amendment immunity in their official capacities. *See, e.g. Hudson v. City of New Orleans*, 174 F.3d 677, 682 (5th Cir. 1999); *Chrissy F. v. Miss. Dep't of Public Welfare*, 925 F.2d 844, 849 (5th Cir. 1991).[4] Therefore, the Court grants the D.A. Defendants' Motion to Dismiss [12] as to Plaintiffs' state-law claims and claims arising under 42 U.S.C. §§ 1981, 1983, 1985, and/or 1986 asserted against the District Attorney's Office for the Twelfth Circuit Court District and Assistant

---

[4] Plaintiffs argue that District Attorneys are not arms of the state, citing *Hudson*. In *Hudson*, the Fifth Circuit explicitly noted that it had previously held that "protections of the Eleventh Amendment encompassed Mississippi district attorneys." 174 F.3d at 682.

District Attorney Becky Denham in her official capacity.[5]

The D.A. Defendants also argue that Becky Denham is entitled to absolute prosecutorial immunity in her individual capacity. A prosecutor enjoys "the same absolute immunity under § 1983 that the prosecutor enjoys at common law." *Imbler v. Pachtman*, 424 U.S. 409, 427, 96 S. Ct. 984, 47 L. Ed. 128 (1976). Prosecutorial immunity is an affirmative defense, and the defendant "bears the burden of proving that the conduct at issue served a prosecutorial function." *Hoog-Watson v. Guadalupe County*, 591 F.3d 431, 437 n. 6 (5th Cir. 2009).

> [P]rosecutorial immunity extends to conduct that is intimately associated with the judicial phase of the criminal process, but not to those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings. In other words, prosecutorial immunity protects the advocate's role in evaluating evidence and interviewing witnesses as he prepares for trial, but not the detective's role in searching for clues and corroboration that might give him probable cause to recommend that a suspect be arrested.

*Id.* at 438. Prosecutorial immunity extends to decisions such as preparing, initiating, and pursuing a criminal prosecution, as well as the "decision to file or not file criminal charges." *Quinn v. Roach*, 326 F. App'x 280, 292 (5th Cir. 2009). It even extends to a prosecutor's office administrative procedures that are directly related to prosecutorial functions, such as the supervision and training of assistant prosecutors, and the management of information technology in criminal cases. *Van de Kamp v. Goldstein*, 555 U.S. 335, 343, 129 S. Ct. 855, 172 L. Ed. 2d 706 (2009).

---

[5] Plaintiffs referred to Title VII several times in the Complaint, but they have not alleged any type of employment discrimination, or that they were employed by any of the Defendants. Therefore, the Court will assume that this was a typographical error or oversight in pleading.

Plaintiffs apparently take issue with Denham's calling Alyssa Chandlee as a witness in a grand jury proceeding arising from the alleged sexual abuse of N. M. by a male relative. *See* Complaint at 3-4, *D. M. v. Forrest County Sheriff's Dep't*, No. 2:20-CV-48-KS-JCG (S.D. Miss. Mar. 12, 2020), ECF No. 1. Most of Plaintiffs' allegations relate to Defendant Chandlee's investigation and testimony. *Id.* at 3-10. The only factual allegations related to Denham are 1) that she called Chandlee as a witness in the grand jury proceeding, *id.* at 3; 2) that she told the grand jury to issue a "no-bill," *id.* at 7; 3) that she "conspired" with Chandlee "to protect the adult male that is accused of sexually assaulting the minor" Plaintiffs, *id.* at 8; 4) that she knew or should have known that Chandlee was not qualified to provide testimony to the grand jury, *id.* at 9; 5) that these actions constituted an "abuse [of] her power," *id.*; and 6) that she "did not call or even attempt to speak to the victim herself," but relied on Chandlee's investigation. *Id.* at 9-10.[6]

All these factual allegations concern "conduct that is intimately associated with the judicial phase of the criminal process," rather than "investigatory functions." *Hoog-Watson*, 591 F.3d at 438. A district attorney's presentation of evidence to a grand jury falls squarely within the boundaries of conduct protected by prosecutorial immunity. *See Kerr v. Lyford*, 171 F.3d 330, 338 (5th Cir. 1999) (overruled on other grounds); *Bruce v. Wade*, 537 F.2d 850, 852 (5th Cir. 1976); *Franklin v. Smith*, 2012

---

[6] In briefing, Plaintiffs referred to matters outside the pleadings. As noted above, the scope of the Court's review is restricted to the allegations of the Complaint and any documents attached thereto. Therefore, the Court disregarded any representations or allegations outside the operative pleading.

WL 993256, at *2 (S.D. Miss. Mar. 23, 2012). Accordingly, the Court also grants the D.A. Defendants' Motion to Dismiss [12] as to Plaintiffs' claims against Becky Denham in her individual capacity.

### IV. MOTION FOR JUDGMENT ON THE PLEADINGS [18]

Defendant Alyssa Chandlee, a deputy of the Forrest County Sheriff's Department, filed a Motion for Judgment on the Pleadings [18], arguing that she is entitled to qualified immunity from liability against Plaintiffs' federal claims. "The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009). "Although nominally a defense, the plaintiff has the burden to negate the defense once properly raised." *Poole v. Shreveport*, 691 F.3d 624, 627 (5th Cir. 2012).

There are two steps in the Court's analysis. First, the Court determines whether the defendant's "conduct violates an actual constitutional right." *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008). Second, the Court must "consider whether [the defendant's] actions were objectively unreasonable in the light of clearly established law at the time of the conduct in question." *Id.* The Court may address either step first. *Pearson*, 555 U.S. at 236. "The qualified immunity standard gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." *Brumfield*, 551 F.3d at 326. The Court "applies

10

an objective standard based on the viewpoint of a reasonable official in light of the information then available to the defendant and the law that was clearly established at the time of the defendant's actions." *Freeman v. Gore*, 483 F.3d 404, 411 (5th Cir. 2007).

When "a qualified immunity defense is asserted in an answer or a motion to dismiss, the district court must – as always – do no more than determine whether the plaintiff has filed a short and plain statement of his complaint, a statement that rests on more than conclusions alone." *Anderson v. Valdez*, 845 F.3d 500, 589-90 (5th Cir. 2016). This is not a heightened pleading standard, *id.* at 590, but the plaintiff must "plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity." *Hinojosa v. Livingston*, 807 F.3d 657, 664 (5th Cir. 2015). The plaintiff must "speak to the factual particulars of the alleged actions, at least when those facts are known to the plaintiff and are not peculiarly within the knowledge of defendants." *Schultea v. Wood*, 47 F.3d 1427, 1432 (5th Cir. 1995). In that respect, the Court treats qualified immunity arguments at the pleading stage no different than the typical 12(b)(6) standard of review under *Iqbal*.

If a plaintiff fails to plead sufficient facts to overcome qualified immunity, the Court may, "in its discretion, insist that a plaintiff file a reply tailored to the defendant's answer or motion to dismiss pleading the defense of qualified immunity." *Anderson*, 845 F.3d at 590. "Even if the district court does so insist, *Schultea* requires

11

it to apply Rule 8(e)(1)'s standard to the reply, emphasizing that it is the only rule that governs the content of replies." *Id.* (punctuation omitted).

Plaintiffs' pleading and briefing are somewhat unclear as to the legal theories underlying their claims, but they apparently contend that Chandlee violated their rights by 1) mishandling the child abuse investigation; 2) questioning the children without D. M.'s consent or presence; and 3) providing false, misleading, and/or confusing testimony before the grand jury.

## A.   *Mishandling of the Investigation*

First, the Fifth Circuit has held that there is "no legal basis for a § 1983 action" for an "unreasonable [criminal] investigation." *Shields v. Twiss*, 389 F.3d 142, 150-51 (5th Cir. 2004).[7]  Phrased differently, there is no "independent constitutional claim for being subjected to a reckless investigation; instead, . . . conducting a reckless investigation could support other claims for violations of established constitutional rights," such as false arrest. *Hernandez v. Terrones*, 397 F. App'x 954, 965 (5th Cir. 2010).

Although these precedents address cases filed by targets of criminal investigations, rather than victims of crimes, it is unlikely that the Fifth Circuit would find that victims of a crime have a greater constitutional interest in an investigation than the suspect. Regardless, Plaintiffs have not cited any case law

---

[7] *See also Baker v. McCollan*, 443 U.S. 137, 146, 99 S. Ct. 2689, 61 L. Ed. 2d 433 (1979) (officials are not "required by the Constitution to perform an error-free investigation"); *Angelle v. Town of Duson*, 2018 WL 4649788, at *7 (W.D. La. Aug. 7, 2018); *Burrell v. Adkins*, 2007 WL 4699166, at *9 (W.D. La. Oct. 22, 2007).

suggesting that Defendant Chandlee's alleged mishandling of the investigation constituted a violation of their constitutional rights.

Even if Plaintiffs had alleged a violation of their constitutional rights, they have not alleged sufficient facts to demonstrate that Chandlee's actions were deliberately indifferent or objectively unreasonable under the circumstances. "Actions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference and thus do not divest the official of qualified immunity." *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 219 (5th Cir. 1998). Therefore, for all these reasons, the Court grants Chandlee's motion as to any freestanding § 1983 claim arising from the investigation.

## B.    *Questioning of the Minor Plaintiffs*

Next, Plaintiffs apparently contend that Chandlee violated their Fourth Amendment right to be free from an unreasonable seizure and Fourteenth Amendment right to due process by questioning the minor Plaintiffs, N. M. and A. M., without D. M.'s consent or presence. This Court has addressed similar claims and found that public officials do not violate constitutional rights merely by "acting within [their] statutory authority to investigate a report of child abuse." *A. L. v. Holliday*, 2018 WL 4604544, at *3 (S.D. Miss. Sept. 25, 2018). Plaintiffs have not alleged that Chandlee arrested the children or otherwise seized them. Likewise, they have not cited any authority in support of their argument that interviewing a minor without his or her parent's consent or presence as part of a criminal investigation constitutes

13

a constitutional violation.

Additionally, a "person is deemed 'seized' within the meaning of the Fourth Amendment only if, in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." *Carroll v. Ellington*, 800 F.3d 154, 170 (5th Cir. 2015). Plaintiffs have not alleged any facts indicating that the minor Plaintiffs were "seized" within the meaning of the Fourth Amendment. There are no allegations of coercion or intimidation. In fact, it appears to be undisputed that D. M. made the allegations of sexual abuse that were being investigated. She simply contends that Chandlee performed the investigation in a negligent manner.

Plaintiffs have not specified whether they contend that Chandlee's interview of the minor Plaintiffs violated their rights to procedural or substantive due process. Regardless, "[t]o state a Fourteenth Amendment due process claim under § 1983, a plaintiff must first identify a protected life, liberty, or property interest and then prove that governmental action resulted in a deprivation of that interest." *Morris v. Livingston*, 739 F.3d 740, 750 (5th Cir. 2014). Plaintiffs did not allege that they were deprived of any protected life, liberty, or property interest. They did not allege that Chandlee arrested the minor Plaintiffs or otherwise seized them. They did not allege that Chandlee coerced or intimidated them during the interview. Rather, Plaintiffs contend that Chandlee negligently conducted the interview, which was part of her mishandling of the investigation and contributed to the grand jury declining to indict

14

the minor Plaintiffs' alleged abuser. Plaintiffs have not cited any authority demonstrating that they have a protected interest in the prosecution of another person. *See Linda R. S. v. Richard D.*, 410 U.S. 614, 619, 93 S. Ct. 1146, 35 L. Ed. 2d 536 (1973) (private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another); *Thornton v. Phillips*, 2019 WL 7559630, at *6 (E.D. Tex. July 25, 2019); *Kemp v. Shreveport Police Dep't*, 2017 WL 3712103, at *2 (W.D. La. June 19, 2017); *cf. Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990) (no constitutional right to have someone criminally prosecuted).

Finally, even if Plaintiffs had alleged sufficient facts to demonstrate that Chandlee's interview violated the children's constitutional rights, they have not alleged any facts demonstrating that Chandlee's actions were deliberately indifferent or objectively unreasonable under the circumstances. As noted above, "[a]ctions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference and thus do not divest the official of qualified immunity." *Doe*, 153 F.3d at 219. For all these reasons, the Court grants Chandlee's motion as to Plaintiffs' § 1983 claims arising from the questioning of the minor Plaintiffs.

## C.    *Grand Jury Proceedings*

Plaintiffs apparently contend that Chandlee violated their constitutional rights by providing false, misleading, and/or confusing testimony before a grand jury. "Witnesses in grand jury proceedings and criminal trials are entitled to absolute

immunity against § 1983 suits." *Craig v. Taylor*, 2017 WL 1282248, at *2 (S.D. Miss. Apr. 4, 2017) (citing *Rehberg v. Paulk*, 566 U.S. 356, 368, 132 S. Ct. 1497, 182 L. Ed. 2d 593 (2012)). This principle applies to law enforcement officers, as well as lay witnesses. *Rehberg*, 566 U.S. at 368. Therefore, the Court grants Chandlee's Motion to Dismiss [18] as to any § 1983 claims arising from her testimony before the grand jury.

### D.   HIPAA

Plaintiffs referred to the Health Insurance Portability and Accountability Act ("HIPAA") several times in her Complaint. "[T]here is no private cause of action under HIPAA . . . ." *Acara v. Banks*, 470 F.3d 569, 572 (5th Cir. 2006). Therefore, the Court grants Chandlee's Motion to Dismiss [18] as to any such cause of action asserted by Plaintiffs.

### E.   Equal Protection

Plaintiffs asserted an equal protection claim, but their pleading and briefing is unclear as to its factual basis. Regardless, to state an equal protection claim, Plaintiffs must allege facts demonstrating "that [they] received different treatment from that received by similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent." *Taylor v. Johnson*, 257 F.3d 470, 473 (5th Cir. 2001). Plaintiffs did not plead any facts indicating that they received different treatment from that received by similarly situated individuals, or that such unequal treatment stemmed from discriminatory intent. Accordingly, they did not plead

16

sufficient facts to support an equal protection claim, and the Court grants Chandlee's Motion to Dismiss [18] as to any such claim asserted by Plaintiffs.

## V. MOTION FOR JUDGMENT ON THE PLEADINGS [20]

The Forrest County Sheriff's Department, Forrest County Board of Supervisors, and Defendant Alyssa Chandlee filed a Motion for Judgment on the Pleadings [20] as to Plaintiffs' state-law claims.

### A.  *Sheriff's Department & Board of Supervisors*

First, the Sheriff's Department and Board of Supervisors argue that they are not amenable to suit, and that the proper Defendant is Forrest County, Mississippi. In response, Plaintiffs do not disagree, but they contend that they could not seek leave to amend because the Court stayed the case.

First, Defendants are correct. Neither a sheriff's department nor a county board of supervisors is a political subdivision amenable to suit under the Mississippi Tort Claims Act ("MTCA"). *Brown v. Thompson*, 927 So. 2d 733, 737 (Miss. 2006); *Tuesno v. Jackson*, 2009 WL 1269750, at *1 (S.D. Miss. May 7, 2009). The county is the proper party-defendant. *Tuesno*, 2009 WL 1269750 at *1. Accordingly, Plaintiffs' state-law claims against the Sheriff's Department and Board of Supervisors are dismissed with prejudice.

Second, as explained above, the Court only stayed the normal discovery, attorney conference, and disclosure requirements. Plaintiff was and is free to seek leave to amend.

**B.     *Alyssa Chandlee, Individually***

Next, Defendants argue that Alyssa Chandlee is immune from liability in her individual capacity as to Plaintiffs' state-law claims. In response, Plaintiffs contend that the MTCA is not applicable to their claims, but they failed to articulate any coherent reasoning behind this argument.[8]

The MTCA codified the common-law sovereign immunity of Mississippi and its political subdivisions, MISS. CODE ANN. § 11-46-3(1), but it waived sovereign immunity "from claims for money damages arising out of torts of . . . governmental entities and the torts of their employees while acting within the course and scope of their employment . . . ." MISS. CODE ANN. § 11-46-5(1). Employees of Mississippi and its subdivisions can not be held personally liable under state law for "acts or omissions occurring within the course and scope of [their] duties." MISS. CODE ANN. § 11-46-7(2). However, the MTCA provides that government employees "shall not be considered as acting within the course and scope of [their] employment . . . for any conduct" constituting "fraud, malice, libel, slander, defamation or any criminal offense." *Id.*; *see also* MISS. CODE ANN. § 11-46-5(2).

It is clear from the factual allegations of Plaintiffs' Complaint that all of Chandlee's actions in dispute occurred pursuant to her duties with the Forrest County Sheriff's Department. Therefore, unless Chandlee's actions fell within one of

---

[8] Regardless, Plaintiffs are mistaken. *See, e.g.* MISS. CODE ANN. § 11-46-7(1); *Southern v. Miss. State Hosp.*, 853 So. 2d 1212, 125 (Miss. 2003) (The MTCA affords "the exclusive civil remedy against a governmental entity or its employee for acts or omissions which give rise to a suit" under Mississippi law.).

the specific types of claims carved out from the general rule immunizing state employees from personal liability, she can not be personally liable.

Plaintiffs asserted state-law claims of negligence; gross negligence; "emotional distress;" "failure to warn, protect, advise, disclose;" and negligent hiring, retention, and supervision. The only one of these claims that arguably falls outside the scope of the MTCA is the claim of "emotional distress."[9] It is not clear, though, whether Plaintiffs alleged "emotional distress" as an element of damages or asserted a claim of intentional infliction of emotional distress. To the extent Plaintiffs intended to plead a claim of intentional infliction of emotional distress, such a claim "can be predicated on behavior that is malicious, intentional, willful, wanton, grossly careless, indifferent or reckless." *Weible v. Univ. of S. Miss.*, 89 So. 3d 51, 64 (Miss. Ct. App. 2011). "[T]o the extent intentional infliction of emotional distress is predicated on malicious conduct, the claim would be outside the scope of the MTCA," and a state employee would not be immunized from personal liability. *Id.*

Therefore, the Court grants the motion as to all Plaintiffs' state-law claims against Chandlee in her individual capacity, except to the extent that Plaintiffs asserted a claim of intentional infliction of emotional distress predicated on malicious conduct.

---

[9] *See, e.g. Johnson v. City of Indianola*, 2019 WL 3769625, at *3 (N.D. Miss. Aug. 9, 2019) (claims of negligence, and negligent hiring and supervision were subject to MTCA); *Hughes v. City of Southaven*, 209 WL 2503959, at *4 (N.D. Miss. June 17, 2019) (claims of negligent hiring and supervision were subject to the MTCA); *Patterson v. City of McComb*, 2018 WL 4956123, at *7 (S.D. Miss. Oct. 12, 2018) (negligence/gross negligence subject to the MTCA).

**C.    *Notice of Claim***

Next, Defendants argue that Plaintiffs' state-law claims must be dismissed because Plaintiffs failed to allege any facts or attach any documentation to her Complaint indicating that she complied with the MTCA's notice provisions. The statute provides that "any person having a claim under this chapter shall proceed as he might in any action or law or in equity, except that at least ninety (90) days before instituting suit, the person must file a notice of claim with the chief executive officer of the governmental entity." MISS. CODE ANN. § 11-46-11(1). For counties, service must be made "upon the chancery clerk of the count sued . . . ." MISS. CODE ANN. § 11-46-11(2)(a)(i). The Mississippi Supreme Court "strictly applies the ninety-day notice requirement . . . ." *Gorton v. Rance*, 52 So. 3d 351, 358 (Miss. 2011). It "is a hard-edged, mandatory rule," *id.*, that applies "equally to cases in which no notice is filed, notice is filed after the complaint, or the complaint is filed sooner than ninety days after filing notice." *Brown v. Southwest Miss. Reg'l Med. Ctr.*, 989 So. 2d 933, 936 (Miss. Ct. App. 2008).

Plaintiffs argue that they did, in fact, provide notice as required by the MTCA. They attached an exhibit to their response that purports to be a "Notice of Claim to Forest [sic] County's Attorney General." *See* Exhibit A [27-1]. As explained above, the Court can not consider this document, and the Court granted Defendants' Motion to Strike [32] it. Regardless, the document does not prove that Plaintiffs satisfied the MTCA's notice requirement, in that it purports to have been provided to either

"Forest [sic] County's Attorney General,"[10] *id.* at 1, or "the Forrest County District Attorney Office," i*d.* at 2, while the statute requires that notice be provided to the Chancery Clerk. MISS. CODE ANN. § 11-46-11(2)(a)(i).

Therefore, the Court finds that Plaintiffs failed to provide notice of their claims as required by the MTCA. Accordingly, the Court must dismiss Plaintiffs' claims that fall within the scope of the MTCA: negligence; gross negligence; "failure to warn, protect, advise, disclose;" and negligent hiring, retention, and supervision. To the extent Plaintiffs intended to plead a claim of intentional infliction of emotional distress, that claim falls "outside the scope of the MTCA" to the extent that is "predicated on malicious conduct." *Weible*, 89 So. 3d at 64. Accordingly, Plaintiffs would not be required to comply with the MTCA's notice provision with respect to such a claim.[11] *See Idom v. Natchez-Adams Sch. Dist.*, 115 F. Supp. 3d 792, 804 (S.D. Miss. 2015) (notice requirement does not apply to tort claims outside the scope of the MTCA).

## D.   IIED

Defendants apparently argue that Chandlee can not be liable in either her official or individual capacity for claims of intentional infliction of emotional distress. As explained above, claims of intentional infliction of emotional distress fall "outside

---

[10]  The Court is not aware that any such office exists.
[11]  Defendants also asserted arguments related to the statute of limitations for claims within the scope of the MTCA, the police-function exemption, and the discretionary function exemption, but it is not necessary for the Court to address these arguments here, given Plaintiffs' failure to provide a notice of claim.

the scope of the MTCA" to the extent they are "predicated on malicious conduct." *Weible*, 89 So. 3d at 64. Employees of Mississippi and its subdivisions can not be held personally liable under state law for "acts or omissions occurring within the course and scope of [their] duties," but they "shall not be considered as acting within the course and scope of [their] employment . . . for any conduct" constituting "fraud, malice, libel, slander, defamation or any criminal offense." MISS. CODE ANN. § 11-46-7(2); *see also* MISS. CODE ANN. § 11-46-5(2).

Therefore, Chandlee can not be liable in her individual capacity for a claim of intentional infliction of emotional distress that is not predicated on malicious conduct, but she *can* be liable in her individual capacity for a claim of intentional infliction of emotional distress that *is* predicated on malicious conduct. Conversely, Chandlee can not be liable in her official capacity[12] for a claim of intentional infliction of emotional distress that is predicated on malicious conduct, but she *can* be liable in her official capacity for a claim of intentional infliction of emotional distress that *is not* predicated on malicious conduct.

The Court declines to try and apply this ruling to Plaintiffs' pleading, as the Court intends to allow Plaintiffs an opportunity to amend in light of the rulings in this opinion.

---

[12] A claim asserted against a County employee in her official capacity is the same as a claim against the County. *See Johnson*, 2019 WL 3769625 at *2; *Alidoust v. Hancock County, Miss.*, 2017 WL 3298682, at *4 (S.D. Miss. Aug. 2, 2017).

22

### E.  Current & Past Sheriffs

Plaintiffs included "current and past sheriff [sic] elected at time of harm" as Defendants in this action, but failed to identify any specific individuals by name. Defendants argue that any claim Plaintiffs intended to assert against an unidentified individual is deficient. Plaintiffs did not respond to this argument in briefing, beyond a vague assertion that "an election was not fully settled at the time of suit." Plaintiffs referred to "Defendant, Sheriff, Charlie Sims" in briefing, but Charlie Sims was not named as a Defendant in the Complaint.

No current or past Forrest County Sheriff was named in the Complaint or served with a summons. *See* FED. R. CIV. P. 4(a)(1)(A)-(B). However, "[a] public officer who sues or is sued in an official capacity may be designated by official title rather than by name, but the court may order that the officer's name be added." FED. R. CIV. P. 17(d).

The Court doesn't know whether Plaintiffs intended to name Charlie Sims as a defendant in his official and/or individual capacity. The Rules permit suits against public officials in their official capacities by designating their office, rather than naming them. However, if Plaintiffs want to sue Sims in his individual capacity, they must name and serve him.

### F.  Jury Trial

Finally, Plaintiffs demanded a jury trial. Defendants argue that the MTCA bars any jury trial as to Plaintiffs' state-law claims. Defendants are partially correct.

The MTCA requires that all claims *under it* shall be heard by a judge without a jury. MISS. CODE ANN. § 11-46-13(1). Therefore, Plaintiffs' state-law claims within the scope of the MTCA can not be decided by a jury, but any state-law claims outside the scope of the MTCA can be decided by a jury.

## VI. CONCLUSION

For all these reasons, the Court **grants** Defendants' Motion to Strike [32]; **grants** the Motion to Dismiss [12] filed by the District Attorney's Office for the Twelfth Circuit Court District and Assistant District Attorney Becky Denham; **grants** the Motion for Judgment on the Pleadings [18] filed by Defendant Alyssa Chandlee; and **grants in part and denies in part** the Motion for Judgment on the Pleadings filed by Defendants Forrest County Sheriff's Department, Forrest County Board of Supervisors, and Alyssa Chandlee.

Plaintiffs may seek leave to amend their Complaint to correct the numerous pleading deficiencies outlined in this opinion. The Court advises Plaintiffs' counsel to be precise and specific in pleading. Imprecision in pleading generally increases the cost of litigation for all parties, and it wastes the Court's time.[13] Any motion seeking leave to amend must be filed within fourteen days of the entry of this opinion and comply with Local Rule 15. If Plaintiffs do not timely seek leave to amend, the claims dismissed herein will remain dismissed, and the Magistrate Judge will schedule a case management conference to determine what, if anything, remains of this case.

---

[13] *See Brown v. Wilkinson County Sheriff's Dep't*, 2017 WL 1479428, at *11-*12 (S.D. Miss. Apr. 24, 2017) (discussing "shotgun pleading").

SO ORDERED AND ADJUDGED this 19th day of August, 2020.

/s/      Keith Starrett

KEITH STARRETT
UNITED STATES DISTRICT JUDGE