IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

 D.M., individually and as                                                       PLAINTIFF
A FRIEND OF TWO MINOR CHILDREN
N.M. AND A.M.

v.                       CIVIL ACTION NO.20-cv-00048-KS-JCG

**FORREST COUNTY SHERIFF DEPARTMENT**                       **DEFENDANTS**
**CURRENT AND PAST SHERIFF elected at time of harm**
**ALYSSA CHANDLEE individually and in her professional capacity**
**FORREST COUNTY BOARD OF SUPERVISORS**
**FORREST COUNTY DISTRICT ATTORNEY'S OFFICE(terminated)**
**Asst. D.A. BECKY DENHAM individually and in her official capacity(terminated)**
**JOHN DOE (FORREST COUNTY)**

---

**(AMENDED) COMPLAINT**
**(Jury Demanded)**

---

**COMES NOW**, Plaintiff, friends of minor children N.M., and A.M., D. M. individually and on behalf of said minor children, by and through their attorney, Abby Robinson Law Firm PLLC, and files this complaint against Forrest County Sheriff's Department, including the Sheriff at the time of injury and current Sheriff, Officer Alyssa Chandlee individually and in her official capacity, Forrest County District Attorney's office, and Assistant District Attorney Becky Denham, and the Forrest County Board of Supervisors, for the following claims: (1) violation of Plaintiffs TITLE VII right, Fourth

Amendment U.S. Constitutional right, United States 14th Constitutional Amendment, 42 U.S.C. § 1983, and 1981, HIPPA violation, doctrine of Respondeat Superior, Negligence, Negligence Per Se, Negligent Supervising, Vicarious Liability, Supervisory Liability, Legal Malpractice, Negligent hiring, Negligent retention, Maliciously avoiding Prosecution with probable cause present, Conspiracy by Government actors in harming children under § 1983.  Additionally, Plaintiff's lawsuit is brought under 28 U.S.C. Section 1367 supplemental jurisdiction.

## JURISDICTION AND VENUE

**Jurisdiction and Venue** is proper under TITLE VII right, Fourth Amendment U.S. Constitutional right, United States 14th Constitutional Amendment, 42 U.S.C. § 1983, and 1981, Negligence, Negligence Per Se, Negligent Supervising, Hippa Violations United States Constitution  Fourth Amendment and state law claims under  28 Section 1367(a).

## EXHAUSTION OF STTE REMEDIES

Plaintiff  has complied with the  state requirement of notice of claims, for Defendants Mississippi Code § 11-46-11, dated August, 21, 2019,  as shown in Plaintiff's exhibit A.

## PARTIES TO THE COMPLAINT

2

1. Plaintiff, Friends of Minor N.M. and A.M. D.M. is an adult citizen whom resides in Forrest County, Hattiesburg, Mississippi.

2. Defendant, Forrest County Sheriff Department is located in Forrest County. Pursuant to F.R.C.P. and M.R.C.P.4 (6) this Defendant may be served with process through The Forrest County Board of Supervisors, located at 641 North Main Street, Hattiesburg, Mississippi and may be served with process through its president or clerk of that Board.

3. Defendant, Alyssa Chandlee is an officer of the Forrest County Sheriff Department and may be served in her official capacity through her employer the Sheriff Department.

4. Defendant, Forrest County Board of Supervisors is the entity whom oversees the performance inter alia of the Forrest County Sheriff's Department. They may be served with summons and complaint through their clerk.

5. Defendant, FORREST COUNTY DISTRICT ATTORNEY OFFICE is a subdivision of the State of Mississippi and pursuant to the F.R.C.P. and M.R.C.P. 4 (5) this Defendant may be served with process through the Mississippi Attorney General's Office, located at 550 High Street Jackson, Mississippi 39201.(Terminated)

6. Defendant, Becky Denham is an assistant, District Attorney with Forrest County and may be served with process through her employer, Forrest County District Attorney's office.(Terminated)

**STATEMENT OF THE FACTS**

7. On or around January 28, 2020, during a Sealed Lamar County custody trial, held in Forrest County Chancery Court, and before, the honorable judge Rhea Sheldon, Defendant, Officer Alyssa Chandlee was sworn in as a witness for the Forrest County Sheriff Department [1]regarding the work she and Defendant, Assistant District Attorney Becky Denham performed as it relates to the alleged sexual molestation of minor, A.M. by an adult male relative of the said minor.   During the  cross examination and examination of Defendant, officer Chandlee, Chandlee swore under oath how and what her investigation into the matter of this minor's alleged claim of sexual molestation from the male relative.  In fact, when asked, under oath, what was her title during the investigation and interrogation of minors N.M. and A.M.,  Defendant, Chandlee swore, Special Victims Investigator since 2011, but now this Defendant is employed as a Deputy in Transport.  When asked of the duties of a deputy in transport, she replied, transport prisoners/inmates.

8. Defendant, Chandlee swore that she has no college degrees in the subject matter of child abuse investigations, and that as a sworn officer of the law for 15 years, she did not poses any identified license to interrogate child sexual abuse or even formal documented child care license prior to interrogating minors N.M. and A.M.

---

[1] The Court, in its Order Doc.[37] asked whether Plaintiff was intending to name the Charlie Sims as the Sheriff, Plaintiff responds is that upon information and belief at the time of filing the complaint Plaintiff contend that there was an election in place but that the defendant was named the Forrest County Sheriff Department  because Chandlee stated that she was acting in accord to the Forrest County Sheriff Department policy and procedure therefore both Sheriff's or that department is at issue as claimed.

9. Defendant, Chandlee swore during this trial that she created a time line of events and spoke with several individuals, including a department professor at UMMC, regarding Dena Myers, of whom was never seen by this doctor.   Please see exhibit A. (Defendant, Chandlee's created notes for trial. ) There, Defendant Chandlee wrote several comments of the negligently handling of the interrogation of both minors.  The first in fracture by this Defendant **was when she interrogated minor N.M. for hours without the child's mother being present during the interrogation.  Plaintiff Myers contend even now, that Detective Chandlee knew or should have known that interrogating a minor out of the presence of his parent or legal guardian is wrong.  However, and pursuant to Detective Chandlee's personal comments she wanted to violate the child for her own personal thinking. (Chandlee's notes seems to be more personal thoughts than objective thoughts as in the line of duty).  For instance talking about how minor N.M. was eating buggers from his nose has absolutely nothing to do with the investigation of A.M.**   Next, Defendant, Alyssa Chandlee did not procure any consent from Plaintiff, D.M. to interrogate minor N.M., whom was approximately 12 years of age at the time of injury, and for what appeared to be over three hours; nor did this Defendant get the consent to question the then, 4 or 6 year old minor girl.   Defendant, Chandlee notes reveals that she was not qualified to forensically nor legally interrogate children in the manner as she did, and in so doing, Defendant Chandless violated both minors TITLE VII right, Fourth Amendment U.S. Constitutional right, United States 14th Constitutional Amendment, 42 U.S.C. § 1983, and 1981, Negligence, Negligence Per Se, Negligent

5

Supervising, Hippa Violations United States Constitution  Fourth Amendment and state law claims under  28 Section 1367(a).

10.   Additionally, **found through out Defendant Alyssa Chandlee's notes from that trial are her personal comments, which are subjective of showing minor, N.M. as an inconsistent liar, whom eats his buggers. (the statement about the child eating his buggers is troubling, because it played even a larger role in that this Defendant was not aware of signs that would show the child with an issue while being interrogated without food nor drink for over (3) hours).** Defendant, Chandlee's comments and emails are so troubling for an officer under the color of law, that Plaintiff believes that any reasonable person would clearly see that this Defendant was **so exact in negligence and in violating the minors protected United States rights to be free from unlawful interrogation of a minor by someone acting behind the shield of color,** until it causes a party to wonder where and why didn't this Defendants supervisor or the Sheriff himself get involved in this matter to protect the minors from this obvious violation of their U.S. Constitutional rights that were committed by Defendant, Chandlee and the Forrest County Sheriff Department.  Plaintiff avers that the Sheriff County Sheriff Department ratified the actions of Defendant Chandlee, when for over a year, they failed to correct or modify this Defendants bad behavior toward these two minors.

11.  Plaintiff contend that pursuant to the doctrine Respondeat Superior, the Sheriff, and the Sheriff's Department allowed the two minors to suffer additional abuse by now a decorated officer of the law when no one intervened, mandated, suggested, did,

performed, procured and/or stop, Defendant Chandlee from her unlawful behavior which appears to be outside the scope of her training in handling minors with sexual abuse cases.

12. In fact, Defendant, Chandlee testified, under oath that she has in the past attended what is formally known in the law enforcement arena as, **IN SERVICE TRAINING.** Plaintiff maintains that perhaps she did, since such training is mandated by the State of Mississippi, but, does not train an officer to be an expert or designated sexual child abuse specialist. Further, that Defendant Chandlee swore that, at the time of injury, an investigator of special victims and only had some college, and 40 hours of inservice training child first, and that was in 2012. However, Plaintiff contend that such training does not certify one in the special field of child sexual assault, rather, officer must attend in training to remain a police officer. (please see exhibit B, Mississippi Legislature minimum requirements of in service training).

13. Defendant, Chandlee further testified, under oath that she herself has had at least 100 cases involving minor sexual assault in Forrest County of which she refers to the District Attorney's office. However, upon insight into Defendant Chandlee's back ground, such a statement is not found to be true. In fact, when asked in that court preceding how many child sexually assaulted or abuse cases were handled in Forrest County last year, Defendant replied she did not know. Also, **when asked how long did Defendant interrogate the minor N.M., this Defendant responded she was not sure, although**

**the child and his mother stated that it was well into three hours long without water, food and most purposefully, his mother's consent.**

14. More egregious, Defendant Chandlee testified that she was a mender of a multi disciplinary team, whom meets two time a month and go over cases, and that such team included the assistant District attorney Becky Denham.  Defendant, Chandlee, swore under oath that she believed that said minors mother, D.M.  had an illness, that Defendant, Chandlee named in her deposition as, called "Munchausen," by Proxy.  When asked what did that mean, Defendant Chandlee replied, " a person tend to be the case why they are ill." <u>**When asked if Defendant was licensed to make such diagnosis, she replied no, I am not a doctor.**</u>  Then when asked how could she and the assistant D.A., Becky Denham, whom under research and belief is not licensed by the State of Mississippi as a clinical therapist, doctor, nor any medical or mental doctor, Defendant, **Chandlee, responded at some point, what else could I do**.  Plaintiff assert that if Defendant Chandlee and/or assistant D.A. would have sought the counseling of the Forrest County Sheriff and Board, since neither were qualified as an expert in child sexual abuse diagnosis, then perhaps the Sheriff's department or the Board of Supervisors **could have hired the proper person or entity to resolve the matter and the injuries as found in this complaint would not have happen to two vulnerable minors in their county.**  Contrary to properly supervising, hiring and retaining Defendant, Forrest County Sheriff and its Department, Forrest County Board of Supervisors fall under the doctrine of  Respondeat Superior, and must be hauled into this lawsuit to defend the same.

15.  Moreover, Defendant, Chandlee also testified, under oath, that she was overwhelmed with the investigation of said minors case, and she and detective Phillips whom assisted her, where busy pulling records and trying to understand the history of 1000 documents, which is why she testified she created a timeline, Ex. A.

16.  Defendant, Chandlee also testified, under oath, that she did not believe that the case against the perpetrator, adult relative in the sexual molestation matter was "SOLID ENOUGH." and the she and assistant D.A. Becky Denham decided to tell the "GRAND JURY," to issue a no bill in the matter.  Plaintiff avers that the words, "SOLID ENOUGH," implies that there was some substance of truthfulness found, and whether it was solid enough, should have been the infiltrated opinion of the grand jury.  Also, When asked why would she and the assistant D.A. conspire to tell the Grand Jury to issue a no bill, **Defendant, Chandlee replied, that is what she was told to do by Forrest County.** assistant D.A. and that is how they always do it.  The Defendant was also asked that was it not her job to provide the facts and allow the Grand Jury to make the decisions, again, this Defendant replied, that's the way we do it.  Defendant, Chandlee swore under oath, that they struggle with how to prosecute.  Plaintiff contend that if there was reasonable doubt, and the struggle tend to suggest the same, why not seek the Forrest County Sheriff himself, and the Forrest County Board for further directions.  Instead, a 6 year old girl and 12 year old boy was left in the ill hands of a close relative to suffer the harm as claimed in this lawsuit.

17. In fact, Defendant, Alyssa Chandlee, even swore under oath that the Grand Jury was confused with the evidence as she presented.  However, during the trial, this Defendant offered an estimated 52 pages of evidence that she herself provided opinions against the minor boy and his mother, but that she failed to even mention the suspect in said notes. Ex. A.

18.   Instead, Defendant, Chandlee, a former probation officer(of adults), and patrol officer, along with the ratification of the Forrest County District Attorney's office and assistant D.A., Defendant, Becky Denham,   conspired to protect the adult male that is accused of sexually assaulting the minor A.M. and clearly identified abuse to the minor, N.M. and not even mention an investigation over the accused perpetrator.    Plaintiff contend that evidence of this conspiracy between the Forrest County Sheriff's Department and the Forrest County District Attorney's office is shown throughout the sworn testimony of Defendant Chandlee during the trial in Forrest County as previously mentioned, and exhibit A

19.  Plaintiff contend that the Forrest County Sheriff, at the time of incident as well as current sheriff during the trial, allowed this inexperience officer, in child sexual abuse cases,   Chandlee to close the case and not one time focus her facts on the alleged perpetrator, the adult male.

20.   Plaintiff exhumes much frustration in that fact that Defendant Chandlee, even reached out to a forensic professor at the **UMMC, whom had never even met Plaintiff D.M, yet alone examined her mental estate, but, in writing, sent an email back to**

10

**Defendant Chandlee, stating that D.M. is "mentally ill." In that exchange of emails, Defendant, Chandlee provided false health documentation regarding D.M., and certainly unauthorized health information on the minor child, A.M.**

21. Plaintiff assert that the conduct of assistant D.A. Becky Denham to conspire with a deputy under the color of law, Defendant, Chandlee, to persuade the Grand Jury to find no wrong in the conduct of the alleged sexual abuser, the minors known adult male relative, was reckless and wanton for a person whom the State of Mississippi trust with the legal welfare of its citizens, namely, these said minors.  Plaintiff contend that Defendant, assistant, D.A. Becky Denham, knew or should have known that Defendant Chandlee was simply not qualified to make assertions of sexual abuse on a then (4 year old girl by her close relative), nor the honest and factual presentation to a Grand Jury regarding the same, especially since Defendant, Chandlee testified under oath that the Grand Jury was confused.

22. Plaintiff further contend that not only did the assistant, D.A. Becky Denham abuse her power, as an assistant D.A., she even had the audacity to inform Plaintiff that the Grand Jury found a no bill in reference to the claim of sexual abuse by the child's adult male relative.  This Defendant, did not call nor even attempt to speak to the victim herself, yet alone the victims mother, instead, it appears that the assistant D.A. used her district attorney power to merely wipe out the even existence of the minors claims. Plaintiff ask the question, where is the Mississippi Attorney General's justice when a child claiming facts to have been sexually assaulted, is ignored by the very state actors

that are to protect children from such injuries as claimed. Plaintiff contend that the assistant D.A. appears to take more gratification in sending a letter to the minor's mother, simply saying, the Grand Jury found no bill, while failing to tell the mother that she instructed, conspired, maneuvered, colluded, schemed, and/or planned to get a no bill from the Grand Jury.

23. Additionally, **Plaintiff contend that the Forrest County Board failed the same two minors when they elected to swear in both Sheriffs, and did not implicate, procure, induce, provide or even inform the public and county that the Sheriff's department was allowing unlicensed, non qualified, improperly trained, non skilled, deputy officer(police officers) to handle sexual abuse of a 4 year old minor as well as in plain sight, physical abuse of a 12 year old boy.** Also, allowing the Forrest County Sheriff Department not to require skilled, trained, competent individuals to interrogate, investigate, and perform duties that will not harm children while in their custody by violating the same minors constitutional rights as held under, Hippa and under TITLE VII right, Fourth Amendment U.S. Constitutional right, United States 14th Constitutional Amendment, 42 U.S.C. § 1983, and 1981.

24. Moreover, the state claims as previously stated in this suit include, Negligence, Negligence Per Se, Negligent Supervising, Negligent hiring, Negligent retention, emotional distress, physical and mental harm, nervousness, headaches, insomnia, **are all applicable to Defendants.**

## CLAIMS FOR RELIEF
## COUNT ONE: VIOLATION OF THE UNITED STATES CONSTITUTION
## TITLE VII right, Fourth Amendment U.S. Constitutional right, United States 14th Constitutional Amendment, 42 U.S.C. § 1983, and 1981

Plaintiff repeats and re-alleges paragraphs 1-24 and herein found in this complaint.

All Defendants, and their agents, boards, companies, affiliation are liable to Plaintiffs for the violation of Hippa and under TITLE VII right, Fourth Amendment U.S. Constitutional right, United States 14th Constitutional Amendment, 42 U.S.C. § 1983, and 1981, the state claims of Negligence, Negligence Per Se, Negligent Supervising, Negligent hiring, Negligent retention, emotional distress, physical and mental harm, nervousness, headaches, and insomnia.

## COUNT TWO:
## VIOLATION OF THE UNITED STATES CONSTITUTION
## FOURTEENTH AMENDMENT AND DUE PROCESS

25. Plaintiff repeats and re-alleges all previous paragraphs as set forth fully herein, and the complaint.

Plaintiff repeats and re-alleges paragraphs 1-24 and herein found in this complaint.

All Defendants, and their agents, boards, companies, employees, affiliation are liable to Plaintiff for the violation of the 14TH U.S. Constitution amendment: All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty or property, …..; nor deny to any person

within its jurisdiction the equal protection of the laws as defined by the U.S. Constitution 14th Amendment.  As such, , are liable to Plaintiffs  for violating Plaintiff's  right of equal protection from person working under the color of the law, from harming and causing injuries as claimed in this lawsuit.

### COUNT THREE:  ALL CLAIMED STATE CLAIMS

26.   Plaintiffs repeat and re-allege all previous paragraphs, as if set forth fully herein, and in the complaint.

 All Defendants, and/or their  agents, employees, board members and/or others, were negligently culpable for , NEGLIGENCE PER SE, GROSS NEGLIGENCE, PAIN AND SUFFERING,   EMOTIONAL DISTRESS, INSOMNIA,    FREIGHT, SHOCK, FAILURE TO WARN, PROTECT, ADVISE, DISCLOSE, NEGLIGENT HIRING, NEGLIGENT RETENTION, NEGLIGENT SUPERVISION of their agents or employees.

### COUNT FOUR: EMOTIONAL DISTRESS

 27.   Plaintiffs repeat and re-allege all paragraphs previously set forth fully herein and in the complaint.

 All Defendants are culpable for the misconduct claimed in the above paragraphs showing that Chandlee was intentionally and to some degree negligent in interviewing the minor N.M. for over 3 hours without his mother present, and the bad conduct is exemplified

even more when Chandlee wrote about the minor eating boogers which had absolutely nothing to do with a warranted investigation of his sister being sexually molested by an adult. Therefore, Chandlee's ill conduct intentionally tried to interrogate the child without the parent because she never stopped the line of questioning, instead she went and got the other child, A.M. and sat her on N.M. lap and began to question them both and still without their mother.

The actions of all Defendants, including the County of Forrest County, through their respective agents, owners, boards, person[s] of authority were negligent, deliberate, willful and showed a reckless disregard for the well being of children health and care in the State of Mississippi.   Moreover, Plaintiffs contend that Defendant Forrest County, ratified the behavior of Forrest County Board of Supervisors, Forrest County Sheriff's Department, and the Forrest County District Attorney's office, actions when none of them interfered with the minors while in the custody of Defendant, Chandlee. Additionally, Forrest County through it's agents never took reasonable steps to protect minors, N.M. and A.M. from the harm of intentional infliction of emotional distress including mental anguish suffered by the children and their mother as claimed in this lawsuit.

**Respectfully submitted this the 1st day of December, 2020**

 Plaintiff: Friends of minor N.M. and A.M.

**/s/Abby Robinson (MSB 105157)**

ABBY ROBINSON LAW FIRM PLLC.

227 E. PEARL STREET
JACKSON, MISSISSIPPI 39201
TELEPHONE: (601) 321-9343
FACSIMILE: (601) 487-6326
Email: arobinsonlawfirm@yahoo.com

-

**CERTIFICATE OF SERVICE**

I, the undersigned attorney, do hereby attest that I have filed the forgoing documents with the Clerk of the Courts whom has sent such notifications to all parties involved in this litigation.

 DECEMBER 1, 2020

**/s/Abby Robinson (MBN. 105157)**
ABBY ROBINSON LAW FIRM PLLC.
227 E. Pearl Street
JACKSON, MS 39201
PH. 601-321-9343
FAX. 601-487-6326
EMAIL: arobinsonlawfirm@yahoo.com
EMAIL: abby@askabbylaw.com


**FORREST COUNTY DISTRICT ATTORNEY'S OFFICE**
**Assistant D.A. Becky  Denham, in her official and individual capacities**
**/s/Douglas T. Miracle,**
**Special Assistant Attorney General**
**Attorney for Forrest County D.A. and Asst. Becky Denham (TERMINATED)**

**Forrest County Sheriff Department, Alyssa Chandlee,**
**and Forrest County Board of Supervisors**
**William R. Allen**

**Christina. J. Smith**
**ALLEN, ALLEN, BREELAND, & ALLEN, PLLC**
**214 Justice Street**
**Brookhaven, MS 39602**
**wallen@aabalegal.com**
**csmith@aabalegal.com**