IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

D.M., individually and as                                           PLAINTIFF
A FRIEND OF TWO MINOR CHILDREN
N.M. AND A.M.

v.                          CIVIL ACTION NO.2:20-cv-00048-TBM-JCG

**FORREST COUNTY SHERIFF DEPARTMENT**                    **DEFENDANTS**
**CURRENT AND PAST SHERIFF** elected at time of harm
**ALYSSA CHANDLEE** individually and in her professional capacity
**FORREST COUNTY BOARD OF SUPERVISORS**
**FORREST COUNTY DISTRICT ATTORNEY'S OFFICE** and
Asst. D.A. **BECKY DENHAM** individually and in her official capacity
**JOHN DOE 1-5**

---

**PLAINTIFFS MEMORANDUM IN SUPPORT OF PLAINTIFFS RESPONSE IN
OPPOSITION TO TO DEFENDANT FORREST COUNTY SHERIFF'S DEPARTMENT,
FORREST COUNTY BOARD OF SUPERVISORS, AND ALYSSA CHANDLEE'S
MOTION FOR JUDGMENT ON THE PLEADINGS
[DOC. 51]**

---

    **COMES NOW,** Plaintiff D.M. individually and on behalf of two minor children N.M. and files this memorandum in support of Plaintiffs response in opposition to defendants motion for judgment on the pleadings and in accordance to the Court's order Doc.[48].

    As such, Plaintiffs will show to wit:

1. To the point of facts regarding Plaintiffs following the court's order of specific and precise claims. Plaintiff alert this honorable court that some of Plaintiff's argument is repetitious in nature but not in fact contents as required in the court's order to Plaintiff in allowing Plaintiffs to amend their complaint.

1

2. First, Plaintiffs **(BOLD FACED)** Defendants Forrest County Sheriff's department, Forrest County Board of Supervisors, and Alyssa Chandlee whom the Court allowed Plaintiffs to assert their claims in Plaintiffs amended complaint. As such, their are no such high lighted references to the already dismissed defendants nor the excluded claims of those defendants and perhaps Plaintiffs should have made a foot note of the same. Therefore, Plaintiffs ask the Court's indulgence as Plaintiff's excusable neglect to make that reference in Plaintiff's amended complaint, but out of cautious Plaintiff had already attached the amended complaint to Plaintiff's motion to amend the complaint and as such did not want to change specific points instead highlight those points that were not standing out in Plaintiffs original complaint.

3. Therefore,Plaintiffs contend the facts as relating **to ONLY the granted and BOLD FACE TEXT** of Plaintiff's amended complaint showing the required specific and precise language to hold the remaining defendants, Defendants Forrest County Sheriff's department, Forrest County Board of Supervisors, and Alyssa Chandlee. culpable in Plaintiffs amended complaint.

4. Therefore to be clear, On November 24, 2020 the District Court granted Plaintiffs motion for leave to amend their complaint Doc[41]. There the honorable Court granted their motion to amend the complaint and to correct the pleading deficiencies outlined in the opinion. The opinion of the court held that Plaintiff had not specified whether they contend the Chandlee's interview of the minor Plaintiffs violated their rights to procedural or substantive due process. As such, Plaintiffs in their **<u>amended</u>**

**complaint bold texted** the claims that the minor children due process rights were indeed violated. Please see **exhibit A**, of Plaintiffs response to the District Attorney's office motion to dismiss which are pages 5, 6, 7, and 8 as well as Plaintiffs claims for relief as applicable to only those defendants as found in the court's order are intended for Plaintiffs amended complaint Doc. 45]. As a result, _5th Circuit has held that it is inappropriate for a district court to weigh the strength of the allegations at the stage of a 12(b)(6) motion to dismiss. 5th Circuit in a recent opinion_ in **_Arnold v. Williams,_** 979 F.3d 262, 268–69 (5th Cir. 2020) held that:

"At the 12(b)(6) stage of litigation, it is inappropriate for a district court to weigh the strength of the allegations. **_Twombly,_** 550 U.S. at 563 n.8, 127 S.Ct. 1955 (2007) ("[W]hen a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the *269 factfinder."). **_Instead,_** the district court must simply decide if the complaint plausibly alleges a claim for relief. _Iqbal_, 556 U.S. at 678, 129 S.Ct. 1937. The 5th Circuit went further and held that: "By stating a Fourth Amendment claim under § 1983 and stating facts that make plausible an unreasonable search, Arnold **meets the minimal pleading standard necessary to survive a 12(b)(6) motion to dismiss on that claim**, at least as to the two § 1983 elements set forth in Gomez. He has not done so for his unreasonable-seizure claim. _Arnold v. Williams_, 979 F.3d 262, 268–69 (5th Cir. 2020).

**19.** Likewise, Plaintiff has also shown this honorable District Court that the two minor children were interrogated without their mother's consent and as a result harmed by the act of the government actors. Therefore, Plaintiff contend that the complaint meets the minimal standards as held by Fifth Circuit and as such, Defendant Doc.[51] should be denied because Plaintiffs high lighted facts support the minimal standard required in a complaint against Defendants Forrest County Sheriff's department, Forrest County Board of Supervisors, and Alyssa Chandlee.

**20.** Furthermore, Plaintiffs complaint consists of a narrative recitation of facts followed by a series of legal claims and to prove the matter asserted **Plaintiff had to show the chronological events for an easier read for the parties.**

**21.** It follows that: 5th Circuit has held in ***Arnold v. Williams,*** 979 F.3d 262, 267 (5th Cir. 2020), ***"Although the complaint is difficult to follow***, the factual allegations in combination with the short legal claims plausibly state a search within the meaning of the Fourth Amendment. "We hold that Arnold's complaint plausibly alleges a trespassory search of his home. See ***Florida v. Jardines,*** 569 U.S. 1, 5, 7, 133 S.Ct. 1409, 185 L.Ed. 2d 495 (2013) ("When 'the Government obtains information by physically intruding' on persons, houses, papers, *or effects, 'a "search" within the original meaning of the Fourth Amendment' has 'undoubtedly occurred.'* ... [A]n officer's leave to gather information is sharply circumscribed **when he steps off [public] thoroughfares and enters the Fourth Amendment's protected areas."**) (quoting ***United States v. Jones***, 565 U.S. 400, 406 n. 3, 132 S.Ct. 945, 181 L.Ed.2d 911 (2012)).

22. **LAW AND FACTS THAT ARE SPECIFICALLY TO DEFENDANTS MOTION FOR JUDGMENT ON PLEADINGS:**

**23.** Defendants Forrest County Sheriff's department, Forrest County Board of Supervisors, and Alyssa Chandlee knew or should have known that Deputy Chandlee should have known to be informed, alerted, focused on, reminded of, considered that minors have protected constitutional rights during an interrogation and that their parents were required to be present. Such violation of United States Constitutional rights cannot be overlooked and thought as no harm occurred to the minors as claimed, instead the litigation should move forward to show before a jury the facts of the claims. Plaintiff contend that maybe such an argument is plausible if the interrogation was for only 30 minutes, but in this case it was for over [3] hours and based on deputy Chandlee's own notes, that she believed N.M. the then [13] year old boy had sexually assaulted his baby sister and not his father, was enough for a reasonable officer to believe that the mother of the minors should be present during such interrogation. Additionally, Deputy Chandlee by title alone, "Deputy," certainly should have known or been taught to know that her conduct was improper and in violation of the minors protected constitutional rights. Plaintiffs contend that deputy Chandlee herself sites in her notes that she took a break, exited the room and went and got the baby sister and sat the baby sister A.M. in the lap of the minor for the minor N.M. to react, that was intentional. It is important to know that the mother of these children and it was revealed during the trial for custody in this matter showed that the little girl had already been terrorized and traumatized by allegedly her

father.[1]   As such, 5th Circuit has held that  In deed, Most public officials are entitled to only qualified immunity. **_Harlow v. Fitzgerald,_** 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).  "The presumption is that qualified rather than absolute immunity is sufficient to protect government officials in the exercise of their duties." **_Burns v. Reed,_** 500 U.S. 478, 486–487, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991).   However, the U.S. Supreme Court has held that, "Our system of jurisprudence rests on the assumption that all individuals, whatever their position in government, are subject to federal law:

"No man in this country is so high that he is above the law. No officer of the law may set that law at defiance with impunity. All the officers of the government from the highest to the lowest, are creatures of the law, and are bound to obey it." _United States v. Lee_, 106 U.S. 196, 220, 1 S.Ct. 240, 261, 27 L.Ed. 171.*Butz,* 438 U.S. at 507.**_Lucas v. Par. of Jefferson_**, 999 F. Supp. 839, 842 (E.D. La. 1998).  As such, Defendant Chandlee, acting as a police officer(deputy) decided to ignore the rights of Plaintiffs and do what she thought she wanted to and/or acted in the obedience of her now, superior officer,   Sheriff, Charlie Sims, and/or formal sheriff, Billy McGee.   [2]

Moreover, Section 1983 provides that anyone who acts under color of state law to deprive another of a constitutional right _is liable_ to that person in damages. The statute does not provide

---

[1] At the time of the interrogation the minor children trial against their father had not commenced leaving ample amount of time for these government actors to get permission from the minors mother whom was told to wait in a lobby for over [3] hours of questioning of her minor children

[2] Plaintiffs were admonished in the court's order to state which sheriff was being sued, but as Plaintiff stated in other pleadings that at the time of this lawsuit filing the election for sheriff was going on and the time frame that Chandlee violated the minors constitutional rights was not clear which or both sheriffs had the position.  Therefore Plaintiffs had every intent to make the assertion clear in the CMO conference amendment to the complaint time frame.  Even now the same indulgence is needed for clarity.

for any immunity from liability for anyone., ***Lucas v. Par. of Jefferson,*** 999 F. Supp. 839, 842 (E.D. La. 1998).

**23.** Now in the case, *sub judice,* Defendant Alyssa Chandlee individually and in her official capacity is arguing that the duties performed as a result of this matter brought before the court, is based on her (official work as a police officer),such facts are reserved for the jury, especially since Plaintiffs claims suggest otherwise. Plaintiffs have provided this court with an arsenal of facts that the fact finder might reasonably believe that it is plausible that this Defendant actually violated the Plaintiffs guaranteed protected constitutional rights. Therefore, the matter should proceed into litigation based on the cleared deficiencies ordered by the court to the Plaintiffs.

**24.** Additionally, in making their amended complaint clearer, it is the contention of Plaintiffs that they had entitled constitutional rights that was established at all times during the interrogation performed by Defendant Chandlee..[3] Instead, that the Defendant Chandlee, abused her authority under the badge to intimidate, question and persuade said minors into more than [3]hours of questioning without the mother's consent and presence. Plaintiffs further contend that when they were interrogated by Defendant Chandlee without the presence of their mother, tortfeasor knew that she was eliciting information that could lead to a more in-depth criminal investigation, at least against N.M. because Defendant Chandlee stated that she believe that minor, N.M. may have

---

[3] Again, Plaintiff only seeks those rights that have not been dismissed by the court in the court's order. Therefore, it is important to Plaintiffs that the court understands that Plaintiffs are not trying to frustrate the court where the argument touches already dismissed claims.

sexually assaulted his sister, A.M. Therefore, the intent of Defendant Chandlee is exemplified in her notes that are attached to this response and such notes have already been submitted to this court.

**25.** Moreover, in  ***Manuel v. Joliet,*** No. 14-9496, ––– U.S. ––––, 137 S.Ct. 911, 197 L.Ed.2d 312, 2017 WL 1050976 (U.S. Mar. 21, 2017), the supreme court  considered and rejected the argument that either a judge's finding of probable cause or "a grand jury indictment or preliminary examination<u>" forecloses a Fourth Amendment claim arising from unlawful pretrial detention</u>. *Id.*, 137 S.Ct. at 920 n.8, 2017 WL 1050976, (holding that plaintiff could pursue a § 1983 claim for unlawful pretrial detention, and that the Fourth Amendment properly governed such a claim.  As such,  it is the contention of Plaintiffs that they had entitled constitutional    right to be free from the conduct of Chandlee which was established at all times during the interrogation performed by Defendant Chandlee.  And that the Defendant Chandlee, abused her authority under the badge to intimidate, question and persuade said minors into more than [3]hours of questioning without the mother's consent and presence.  Plaintiffs further contend that when they were interrogated by Defendant Chandlee without the presence of their mother, Chandlee had an opportunity during the break she took to stop the unlawful act since she knew that she was eliciting  information that could lead to a more in-depth criminal investigation, at least against N.M. Defendant Chandlee stated in her notes during the custody trial of these minors that **she believe that minor, N.M. may have sexually assaulted his sister, A.M**. as such, Defendant Chandlee believed that the minor

N.M. had committed a crime by her own detailed notes, but failed to follow the law for interrogating a minor. Therefore, the intent of Defendant Chandlee is exemplified in her notes that are attached to this response and such notes have already been submitted to this court. Titled **exhibit C and D**

## CONCLUSION

**26.** Therefore, Plaintiffs have asserted more than plausible claims it their amended complaint against Defendants Forrest County Sheriff's department, Forrest County Board of Supervisors, and Alyssa Chandlee for violations as proclaimed by Plaintiffs. Plaintiffs were allowed to clarify with specific and precise language the actionable claims and as such Plaintiff's amended complaint is in keeping with the holdings of the Fifth Circuit as a matter of law and facts. Moreover, Plaintiffs make this record that Plaintiffs did not believe that Plaintiffs had any right to remove the names of other original named defendants without the court specifically stating to remove those names. However, Plaintiff is fully aware that this honorable court ordered certain defendants and claims as dismissed and Plaintiffs knows that they have no cause of action against those Defendants as ordered. As such, Plaintiffs reemphasize that the matter in the amended complaint was to only high light and show the chronological order of events of Plaintiffs claims. Therefore, Defendants Forrest County Sheriff's department, Forrest County Board of Supervisors, and Alyssa Chandlee's motion for judgment on the pleadings should be **denied** as a matter of law and facts that support the law as shown in the above

paragraphs of Plaintiffs response in opposition to Defendants motion for judgment on the pleadings.

**Respectfully Submitted this the 30th day of December 2020.**
 Plaintiff: Friends of minor N.M. and A.M.
**/s/Abby Robinson (MSB 105157)**
ABBY ROBINSON LAW FIRM PLLC.
227 E. PEARL STREET
JACKSON, MISSISSIPPI 39201
TELEPHONE: (601) 321-9343
FACSIMILE: (601) 487-6326
Email: arobinsonlawfirm@yahoo.com

### CERTIFICATE OF SERVICE

I, the undersigned attorney, do hereby attest that I have filed the forgoing documents with the Clerk of the Courts whom has sent such notifications to all parties involved in this litigation.

 **Respectfully Submitted this the 30th day of December, 2020**

**/s/Abby Robinson (MBN. 105157)**
ABBY ROBINSON LAW FIRM PLLC.
227 E. Pearl Street
JACKSON, MS 39201
PH. 601-321-9343
FAX. 601-487-6326
EMAIL: arobinsonlawfirm@yahoo.com
EMAIL: abby@askabbylaw.com


FORREST COUNTY DISTRICT ATTORNEY'S OFFICE
Assistant D.A. Becky Denham, in her official and individual capacities
/s/Douglas T. Miracle,

Special Assistant Attorney General
Attorney for Forrest County D.A. and Asst. Becky Denham **(TERMINATED)**

Forrest County Sheriff Department, Alyssa Chandlee,
and Forrest County Board of Supervisors
William R. Allen
Christina. J. Smith
ALLEN, ALLEN, BREELAND, & ALLEN, PLLC
214 Justice Street
Brookhaven, MS 39602
wallen@aabalegal.com
csmith@aabalegal.com