IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**D.M.,** *individually and as a friend of*                                    **PLAINTIFFS**
**N.M.** *and* **A.M.,** *two minor children*

**v.**                                         **CIVIL ACTION NO. 2:20-cv-048-TBM-JCG**

**FORREST COUNTY SHERIFF DEPARTMENT,**
*current and past sheriff elected at time of harm*;
**ALYSSA CHANDLEE,** *individually and in her professional*
*capacity*; **FORREST COUNTY BOARD OF SUPERVISORS;**
**FORREST COUNTY DISTRICT ATTORNEY'S OFFICE;**
*and* **ASSISTANT DISTRICT ATTORNEY BECKY DENHAM,**
*individually and in her official capacity*                        **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**
**GRANTING DEFENDANTS' MOTION TO DISMISS AND**
**MOTION FOR JUDGMENT ON THE PLEADINGS**

For the reasons provided below, the Court grants the Motion to Dismiss for Lack of Jurisdiction [46] filed by both the District Attorney's Office and Assistant District Attorney Becky Denham, and also grants the Motion for Judgment on the Pleadings [51] filed by the Forrest County Sheriff's Department, the Forrest County Board of Supervisors, and Alyssa Chandlee.

**I.**      **PROCEDURAL BACKGROUND**

The Motions currently before the Court follow the Plaintiffs' filing of the Amended Complaint [45]. The Court previously ruled (primarily in Defendants' favor) concerning their prior requests for dismissal [12] and judgments on the pleadings [18] & [20], but the Court elected to not enter a final judgment. [37]; [44]. The Court reserved final judgment to allow Plaintiffs the opportunity to correct deficiencies in their Complaint. [44]. The relevant procedural history is briefly outlined below.

On April 4, 2020, Assistant District Attorney Becky Denham, in her individual and official capacities, and the Forrest County District Attorney's Office filed a Motion to Dismiss [12] Plaintiffs' Complaint. On April 22, 2020, Forrest County Sheriff's Deputy Alyssa Chandlee, in her individual capacity, filed a Motion for Judgment on the Pleadings Based on Qualified Immunity [18]. That same day, Deputy Chandlee, the Forrest County Sheriff's Department, and the Forrest County Board of Supervisors filed a Motion for Judgment on the Pleadings as to State Law Claims [20].

On August 19, 2020, the Court entered an Order addressing all these motions and advising Plaintiffs that they could seek leave to file an amended complaint "to correct the numerous pleading deficiencies outlined in this opinion." [37], pg. 24. Addressing the motions, the Court granted the Motion to Dismiss [12] and the Motion for Judgment on the Pleadings Based on Qualified Immunity [18], and it granted in part and denied in part the Motion as to State Law Claims [20]. In advising Plaintiffs that they could seek leave to amend their Complaint, the Court stated, "If Plaintiffs do not timely seek leave to amend, the claims dismissed herein will remain dismissed, and the Magistrate Judge will schedule a case management conference to determine what, if anything, remains of this case." [37], pg. 24.

On August 26, 2020, the District Attorney's Office and Assistant District Attorney Denham filed a Motion for Entry of Judgment under Rule 54(b). [38]. Plaintiffs did not respond to the Rule 54 motion, but Plaintiffs did file a "Motion for Leave [to Amend Complaint] in Accordance with the Court's Order Doc. 37" on September 8, 2020. [41]. The Court denied Defendants' Rule 54 Motion without prejudice, and it granted Plaintiffs' Motion for Leave to

Amend, explaining that "Defendants are free to file a motion to dismiss the amended complaint, once it is filed." [44], pg. 2.

With leave of the Court, Plaintiffs timely filed their Amended Complaint [45] on December 1, 2020, and all Defendants refiled dispositive motions. Currently before the Court is the Motion to Dismiss for Lack of Jurisdiction [46] filed by Assistant District Attorney Denham and the District Attorney's Office. Also pending is the Motion for Judgment on the Pleadings [51] filed by Alyssa Chandlee, the Forrest County Sheriff's Department, and the Forrest County Board of Supervisors.

On December 12, 2020, this case was reassigned from Senior District Judge Keith Starrett to the undersigned for all further proceedings. The Court held a hearing on Defendants' re-urged Motion to Dismiss [46] and Motion for Judgment on the Pleadings [51] on July 26, 2021.

## II. DISCUSSION

### A. Plaintiffs Do Not Contest Dismissal of the Assistant District Attorney and the District Attorney's Office.

In granting the Defendants' *original* Motion to Dismiss [12], the Court found that the District Attorney's Office and Assistant District Attorney Denham—in her *official* capacity—enjoy sovereign immunity from liability against Plaintiffs' claims, and that Denham—in her *individual* capacity—is entitled to absolute immunity as a prosecutor. [37], pgs. 6-9. (citing U.S. CONST. amend. XI; *Hoog-Watson v. Guadalupe Cnty.*, 591 F.3d 431, 437 n.6 (5th Cir. 2009); *Quinn v. Roach*, 326 F. App'x 280, 292 (5th Cir. 2009); *Van de Kamp v. Goldstein*, 555 U.S. 335, 343, 129 S. Ct. 855, 172 L. Ed. 2d 706 (2009); *Kerr v. Lyford*, 171 F.3d 330, 338 (5th Cir. 1999), *abrogated on other grounds by Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003); *Bruce v. Wade*, 537 F.2d 850, 852 (5th Cir. 1976).

3

Two weeks after Plaintiffs filed their Amended Complaint, these Defendants filed the Motion to Dismiss [46] currently under consideration by the Court. Plaintiffs filed a Response in Opposition [53] to the Motion to Dismiss, but the substance of that Response reveals that Plaintiffs do not contest the dismissal of their claims against the District Attorney's Office and Assistant District Attorney Denham. In fact, Plaintiffs indicated that these Defendants are "terminated." [53], pgs. 1, 2, 6. Plaintiffs also elected to specify these Defendants as "(terminated)" in the case heading of their Amended Complaint. [45] pg. 1. Plaintiffs further advised in their Response to the Motion to Dismiss that they did not have any "intentions to re-state any claims against the dismissed Defendants[;] instead Plaintiffs left the dismissed Defendants in the writings to show the chronological events as happened to Plaintiffs." [53], pg. 2.

Plaintiffs' Amended Complaint [45] does not correct any pleading deficiencies relating to the claims against these Defendants, and Plaintiffs expressly conceded their dismissal. Regarding Plaintiffs' individual capacity claims against Assistant District Attorney Denham, the parties agreed to dismissal with prejudice at the hearing. While the parties recognized the claims should be dismissed, Defense counsel urged that the official capacity claims should be dismissed *without* prejudice. *See Warnock v. Pecos City, Tex.*, 88 F.3d 341, 343 (5th Cir. 1996) ("Because sovereign immunity deprives the court of jurisdiction, the claims barred by sovereign immunity can be dismissed only under Rule 12(b)(1) and not with prejudice."). Accordingly, the Court finds that the Motion to Dismiss [46] should be granted. The individual capacity claims are dismissed with prejudice, and the official capacity claims against Denham and the District Attorney's Office are dismissed without prejudice.

4

**B. Plaintiffs' Amended Complaint Does Not Remedy the Deficiencies in the Original Complaint, and the Remaining Defendants are Entitled to Judgment on the Pleadings.**

"A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) (citing *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004)). Accepting all the facts alleged as true, the Court examines the complaint in the light most favorable to the plaintiff and determines whether it "states a valid claim for relief." *Guidry v. American Public Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007) (citing *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Doe*, 528 F.3d at 418 (quoting *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

Plaintiffs concluded their Response in Opposition to the Motion to Dismiss by stating that they "have asserted plausible claims against [the *remaining*] Defendants[:] Forrest County Sheriff's [D]epartment, Forrest County Board of Supervisors, and Alyssa Chandlee for violations as proclaimed by the Plaintiffs." [53], pg. 5. The Court previously ruled on these particular Defendants' initial Motions for Judgment on the Pleadings based on Plaintiffs' original Complaint. [37]. The Court granted dismissal of all claims—except for Plaintiffs' potential claim for intentional inflectional of emotional distress. As noted, however, the Court also allowed Plaintiffs to file an amended complaint.

The Amended Complaint [45] simply does not adequately address the deficiencies outlined by the Court. Instead, Plaintiffs chose to emphasize, with bolded language, facts and allegations previously pled in the original Complaint [1]. In fact, the Amended Complaint contains little

additional information.[1] Accordingly—as advised—the claims dismissed in the Court's previous Order [37] "will remain dismissed."

### i. Deputy Chandlee Remains Entitled to Qualified Immunity.

The Court found in its previous Order that Deputy Chandlee was entitled to qualified immunity for all constitutional claims, including the allegations concerning whether Deputy Chandlee interviewed the minors related to the allegations of child abuse with or without parental consent. [37], pg. 13 (citing *A.L. v. Holliday*, No. 1:18-cv-76-LG, 2018 WL 4604544, at *3 (S.D. Miss. Sep. 25, 2018) (citing Op. Atty Gen., Harper, 1996 WL 88950, at *1 (Miss. A.G. Feb. 9, 1996)) ("In order to effectively conduct this investigation, it is usually necessary for the social workers to talk with the child or children who are the subjects of the reports and sometimes with other children who may have witnessed the abuse. There is no requirement that the parents, who are often the suspected abusers, must either consent or be present at these interviews."). In *Holliday*, the court found that a Mississippi Department of Child Protective Services (MDCPS) official who interviewed and photographed minors concerning child abuse without parental consent was entitled to qualified immunity. *Holliday*, 2018 WL 4604544, at *3. The court held that the Plaintiff parent could not "show that [the official] violated his constitutional rights through allegations that demonstrate[d] only that the MDCPS was acting within its statutory authority to

---

[1] Plaintiffs did include new language stating that Deputy Chandlee (1) "knew or should have known that interrogating a minor out of the presence of his parent or legal guardian is wrong"; (2) "wanted to violate the child for her own personal thinking. (Chandlee's notes seems [sic] to be more personal thoughts than objective thoughts as in the line of duty). For instance talking about how minor N.M. was eating buggers [sic] from his nose has absolutely nothing to do with the investigation of A.M."; and (3) "was intentionally and to some degree negligent in interviewing the minor N.M. for over 3 hours without his mother present, and the bad conduct is exemplified even more when Chandlee wrote about the minor eating boogers which had absolutely nothing to do with a warranted investigation of his sister being sexually molested by an adult. Therefore, Chandlee's ill conduct intentionally tried to interrogate the child without the parent because she never stopped the line of questioning, instead she went and got the other child, A.M. and sat her on N.M. lap and began to question them both and still without their mother." [45], pgs. 5, 14-15.

investigate a report of child abuse." *Id.* (citing *Milligan v. City of Slidell*, 226 F.3d 652, 656 (5th Cir. 2000)). The Court further noted that "even if . . . the manner in which the interview was conducted was contrary to MDCPS or school policy, that fact alone is insufficient as a matter of law to show a constitutional violation." *Id.* (citing *Doe v. Univ. of Miss.*, No. 3:16-CV-63-DPJ, 2018 WL 3570229, at *9 (S.D. Miss. July 24, 2018)).

The Plaintiffs have offered no caselaw to support a constitutional violation under the facts alleged, and Plaintiffs' Amended Complaint contains no additional allegations that would impact the legal analysis under Rule 12. Accordingly, Deputy Chandlee is entitled to qualified immunity, as previously determined by the Court.

### ii. Plaintiffs Have Failed to State a Section 1983 Claim Concerning "Policy or Custom."

In their Amended Complaint, Plaintiffs added a footnote which states that "at the time of filing the complaint Plaintiff[s] contend that there was an election in place but that the defendant was named the Forrest County Sheriff Department because Chandlee stated that she was acting in accord to the Forrest County Sheriff Department policy and procedure therefore both Sheriff's [sic] or that department is at issue as claimed." [45], pg. 4 n.1. Even assuming this footnote is an attempt to assert an official policy or custom claim under Section 1983, the Court finds that it cannot survive a Rule 12 analysis.

As held by the Fifth Circuit:

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, a plaintiff must initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted. To satisfy the cause in fact requirement, a plaintiff must allege that the custom or policy served as the moving force behind the constitutional violation at issue, or that her injuries resulted from the execution of the official policy or custom. The description of a policy or custom and its relationship to the underlying constitutional violation, moreover,

cannot be conclusory; it must contain specific facts.

*Spiller v. City of Texas City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997) (internal citations and quotations omitted) (affirming the dismissal with prejudice of [plaintiff's] Section 1983 claims against Texas City and its police department). In *Spiller*, the court found that the plaintiff's "assertion that Texas City is liable because a police officer 'was acting in compliance with the municipality's customs, practices or procedures' is insufficient because it is conclusory." *Id.* at 167. Here, Plaintiffs have made a similar conclusory statement and have provided no additional facts or allegations to support such a claim. To the extent that this claim is asserted, the Court finds it should be dismissed.

### iii. The Law Does Not Support an Intentional Infliction of Emotional Distress Claim Against Deputy Chandlee.

In its previous Opinion and Order [37] concerning Defendants' dispositive motions, the Court found that all of Plaintiffs' state law claims were barred by the Mississippi Tort Claims Act (MTCA), except for an unclear (but potential) claim of intentional infliction of emotional distress against Defendant Chandlee. [37], pg. 19 (citing *Weible v. Univ. of S. Miss.*, 89 So. 3d 51, 64 (Miss. Ct. App. 2011)) ("[T]o the extent intentional infliction of emotional distress is predicated on malicious conduct, the claim would be outside the scope of the MTCA."). When the Court gave Plaintiffs leave to amend their original Complaint, the Plaintiffs responded by amending "Count Four: Emotional Distress" to include allegations of intentional conduct. [45], pgs. 14-15. The Court notes that Plaintiffs do not specifically allege that Deputy Chandlee is liable for intentional infliction of emotional distress—even in their Amended Complaint—but they do accuse her of intentional conduct within Count Four. [45], pgs. 14-15.

As an initial matter, this Court may exercise supplemental jurisdiction over a potential intentional infliction of emotional distress claim despite dismissing all federal law claims. "When a district court dismisses all federal claims in a lawsuit, 'the court generally retains discretion to exercise supplemental jurisdiction, pursuant to § 1367, over pendent state-law claims.'" *Wilson v. Tregre*, 787 F.3d 322, 326 (5th Cir. 2015) (quoting *Del–Ray Battery Co. v. Douglas Battery Co.*, 635 F.3d 725, 731 (5th Cir. 2011)). A court may decline to exercise such jurisdiction if "the claim raises a novel or complex issue of State law." *Id.* (quoting 28 U.S.C. § 1367(c)). In applying such discretion, a federal district court should consider "judicial economy, convenience, fairness, and comity." *Batiste v. Island Records Inc.*, 179 F.3d 217, 227-28 (5th Cir. 1999) (finding an abuse of discretion in light of these factors when the district court declined to exercise supplemental jurisdiction over remaining state law claims that could have been easily resolved). The absence of difficult state issues, along with the district court's familiarity with the case, "weigh[] heavily" in the decision to retain jurisdiction. *Id.* Additionally, a district court abuses its discretion when it declines jurisdiction over remaining state law claims "after investing a significant amount of judicial resources in the litigation." *Brookshire Bros. Holding, Inc. v. Dayco Products, Inc.*, 554 F.3d 595, 602 (5th Cir. 2009). *See also Mendoza v. Murphy*, 532 F.3d 342 (5th Cir. 2008) (agreeing with the district court's decision to retain jurisdiction over remaining state law claims when the case had been pending for over a year, discovery was finished, and the parties had fully briefed a summary judgment motion).

As will be shown below, Plaintiffs' intentional infliction of emotional distress claim does not raise a novel or complex issue such that a state court would be better equipped to handle the claim. In fact, despite opportunities to articulate a facially valid claim, Plaintiffs have failed to do so.

9

"Since the instant state claims present no novel issues of state law and are easily dispatched," the interests of judicial economy and convenience counsel the Court to retain jurisdiction. *Morris v. Dillard Dep't Stores, Inc.*, 277 F.3d 743, 756 n.12 (5th Cir. 2001) (upholding the district court's decision to retain jurisdiction over a Louisiana intentional infliction of emotional distress claim after dismissing all federal claims when the plaintiff failed to demonstrate the extreme conduct required under Louisiana law). Furthermore, this case has been pending for seventeen months. Plaintiffs filed two complaints with this Court, making their intention plain that this is their forum of choice. *See Fife v. Vicksburg Healthcare, LLC*, 945 F. Supp. 2d 721, 741 n.15 (S.D. Miss. 2013) (retaining jurisdiction over a state law claim and considering in part this is "the original forum chosen by the Plaintiff"). Judicial economy, convenience, and fairness compel this Court to retain jurisdiction over Plaintiffs' state law claim.

Turning to the merits of Plaintiffs' claim, "the standard for intentional infliction of emotional distress in Mississippi is very high: the defendant's conduct must be 'wanton and wilful and [such that] it would evoke outrage or revulsion.'" *Hatley v. Hilton Hotels Corp.*, 308 F.3d 473, 476 (5th Cir. 2002) (quoting *Leaf River Forest Prods., Inc. v. Ferguson,* 662 So. 2d 648, 659 (Miss. 1995)). Meeting the elements of this tort is a "tall order in Mississippi." *Speed v. Scott,* 787 So. 2d 626, 630 (Miss. 2001) (quoting *Jenkins v. City of Grenada,* 813 F. Supp. 443, 446 (N.D. Miss. 1993)). Recovery for intentional infliction of emotional distress "does not extend to mere insults, indignities, threats, annoyances, petty oppression, or other trivialities." *Collins v. City of Newton*, 240 So. 3d 1211, 1220 (Miss. 2018).

> [Rather,] in order to recover for i.i.e.d., a plaintiff must prove that defendant's conduct is "extreme and outrageous." [And] "it has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice,' or a

10

degree of aggravation which would entitle the plaintiff to punitive damages for another tort."

*Burroughs v. FFP Operating Partners, L.P.*, 28 F.3d 543, 546 (5th Cir. 1994) (quoting *White v. Walker,* 950 F.2d 972, 978 (5th Cir. 1991)) (interpreting Mississippi law). To achieve the level of "necessary severity," the defendant's acts must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Hatley,* 308 F.3d at 476 (quoting *Speed*, 787 So. 2d at 630) (citations omitted).

In assessing the contents of Plaintiffs' Amended Complaint against Mississippi's "very high" standard for intentional infliction of emotional distress, the Court has carefully examined the following allegations made against Deputy Chandlee in the Amended Complaint:

- Plaintiffs claim Deputy Chandlee was not qualified to interview N.M. and A.M. concerning child abuse, and that Deputy Chandlee was "overwhelmed" by the investigation. [45], pgs. 4-5, 7-9.

- Plaintiffs claim Deputy Chandlee interviewed the minors for three hours without parental consent and without providing food or water. [45], pgs. 5, 7-8, 14-15.

- Plaintiffs claim Deputy Chandlee's personal thoughts/comments (located in Deputy Chandlee's notes) were "troubling" and irrelevant, including that N.M. lied during the interview and that N.M. "was eating buggers [sic] from his nose." [45], pgs. 5-6, 14-15.

- Plaintiffs claim Deputy Chandlee did not believe Plaintiffs' accusations of child molestation, conspired to protect the accused perpetrator, and told the grand jury to issue a no bill. [45], pgs. 9-10.

- Plaintiffs claim Deputy Chandlee believed that D.M. was mentally ill and that Deputy Chandlee provided third parties with "false health documentation" concerning D.M. and "unauthorized health information" concerning A.M. [45], pgs. 5, 8, 11.[2]

---

[2] Plaintiffs have conceded at the hearing that they do not have a viable claim for alleged violations of the Health Insurance Portability and Accountability Act (HIPAA).

11

In considering these facts, the Court finds that the Amended Complaint lacks allegations to state a plausible claim against Deputy Chandlee for intentional infliction of emotional distress. *See White v. Walker*, 950 F.2d 972, 977-78 (5th Cir. 1991) (interpreting Missisippi law and finding police officer not liable for intentional infliction of emotional distress, despite allegations that the fourteen-year-old underage driver he pulled over committed suicide shortly after the officer told the young man that he was confiscating his car keys "for grand auto theft" and advised the youth's female companions that he was a bad influence on them); *Collins v. City of Newton*, 240 So. 3d 1211, 1221 (Miss. 2018) (holding that "disparaging comments" and manager's threat to employee that she would "come up missing" if she returned to work sick did not constitute "outrageous or revolting conduct" sufficient to rise to the level of intention infliction of emotional distress claim); *Raiola v. Chevron U.S.A., Inc.*, 872 So. 2d 79, 85 (Miss. Ct. App. 2004) (finding supervisor's "inappropriate remarks" about employee's heritage and accusations that employee was a "thief" did not rise to the level of "extreme and outrageous" conduct needed for intentional infliction of emotional distress). And Plaintiff has offered no caselaw to support an intentional infliction of emotion distress claim based on the facts alleged.

Finally, Plaintiffs assert allegations that are conclusory in nature—including the accusation that the Defendants "conspired to protect" the accused perpetrator. [45], pg. 10. Conclusory allegations cannot survive a motion to dismiss. *Drs. Bethea, Moustoukas & Weaver LLC v. St. Paul Guardian Ins. Co.*, 376 F.3d 399, 403 (5th Cir. 2004). Neither can such allegations survive a motion for judgment on the pleadings. *Cirino v. Bank of Am., N.A.*, No. 1:14CV240-HSO-RHW, 2015 WL 5752105 at *5 (S.D. Miss. Aug. 26, 2015). The claim for intentional infliction of emotional distress is dismissed.

### C. Plaintiffs Have Not Set Forth, with any Particularity, Grounds for Further Amendments as Required by Rule 15.

At the hearing, the Court gave Plaintiffs' counsel numerous opportunities to explain whether and how amending the Complaint again would allow the existing claims to survive dismissal. Plaintiffs' counsel indicated that there *could* be some additional facts, but she did not fully articulate what those facts might be or what claims they might impact. Since the hearing, Plaintiffs have not filed any sort of request for leave to amend.

> Rule 15(a) applies where plaintiffs "expressly requested" to amend even though their request "was not contained in a properly captioned motion paper." A formal motion is not always required, *so long as the requesting party has set forth with particularity the grounds for the amendment and the relief sought*. "[A] bare request in an opposition to a motion to dismiss—without any indication of the particular grounds on which the amendment is sought, *cf.* Fed. R. Civ. P. 7(b)—does not constitute a motion within the contemplation of Rule 15(a)."

*U.S. ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 387 (5th Cir. 2003) (emphasis added) (citing FED. R. CIV. P. 7(b)(1), 15(a)) (internal citations omitted).

The federal rules are decidedly "liberal" on amending a complaint, but they do require Plaintiffs "to give the court some notice of the nature of [their] proposed amendments." *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 590 (5th Cir. 2016). "Although [the Fifth Circuit] [has] not provided strict guidelines as to what constitutes a sufficient request for leave to amend, it is clear that *some* specificity is required." *Thomas*, 832 F.3d at 590-91 (emphasis in original) (citing *United States ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325, 331 (5th Cir. 2003) (explaining that a "one-page, three-sentence motion" that "offer[ed] no grounds on which an amendment should be permitted" was an insufficient request for leave to amend); *Goldstein v. MCI WorldCom*, 340 F.3d 238, 254-55 (5th Cir. 2003) (affirming denial of motion for leave to amend where the request stated simply: "Should this Court find that the Complaint is insufficient in any way,

13

however, plaintiffs respectfully request leave to amend."); *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387-88 (5th Cir. 2003) (determining that a bald statement that a "court should not dismiss a plaintiff's complaint under Rule 9(b) unless the plaintiff has already been given the opportunity to amend" is an insufficient request of leave to amend); *McKinney v. Irving Indep. Sch. Dist.*, 309 F.3d 308, 315 (5th Cir. 2002) (finding no abuse of discretion in the district court's denial of leave to amend where the plaintiffs failed to file an amended complaint as a matter of right or submit a proposed amended complaint in a request for leave of the court and failed to alert the court as to the substance of any proposed amendment).

Plaintiffs' desire to provide clarity to existing allegations does not amount to "set[ting] forth with particularity the grounds for the amendment and the relief sought," as the Fifth Circuit requires for leave to amend. *Humana Health Plan of Tex. Inc.*, 336 F.3d at 386–87. Moreover, Plaintiffs have not complied with the local rules governing leave to amend, which provide, "If leave of court is required under FED. R. CIV. P. 15, a proposed amended pleading must be an exhibit to a motion for leave to file the pleading." L. U. CIV. R. 15. In *Young v. U.S. Postal Serv. ex rel. Donahoe*, the Fifth Circuit held that:

> The [district] court properly denied leave to amend for at least two reasons. First, Young did not explain how amendment would improve her complaint. Nor did she describe her proposed amended complaint to the district court, and even on appeal she has not specified how she would change her complaint. Denial of leave to amend is appropriate where there is no indication that amendment would cure the defects in a complaint. Second, Young did not comply with the local rules. She incorrectly requested leave to amend in her response to the motions to dismiss rather than in a separate motion. And she did not attach her proposed second amended complaint, as required by the rules. Denial of leave to amend is reasonable where the plaintiff fails to comply with the local rules.

620 F. App'x 241, 245 (5th Cir. 2015) (discussing a substantively similar local rule from the Western District of Texas).³ Likewise, Plaintiffs failed to provide "what [the] amended complaint would say" and failed to comply with the local rules by neglecting to file a separate (or any) motion. *Id.* at 246. These failures "demonstrate that it [is] proper to deny further leave to amend." *Id.*

Under the circumstances, therefore, it is not strictly necessary to consider the typical "relevant considerations" of "1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment." *Young*, 620 F. App'x at 245-46 (quoting *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004)). Nevertheless, the Court concludes this analysis by noting that Plaintiffs have had two opportunities to demonstrate an ability to improve their Complaint—first when granted leave to amend previously and then at the hearing on Defendants' dispositive motions. Neither of these opportunities proved fruitful. Plaintiffs have continued to reassert the same legal and factual allegations as in the original Complaint without adding any meaningful substance.⁴ Even if permitted, "Plaintiff's amendment [would be] futile because her [second] amended complaint would likewise be dismissed under Rule 12[] for failure to include new facts that would alter the district court's . . . analysis." *Anderson v. Argent Mortg. Co., L.L.C.*, 692 F. App'x 769, 770 (5th Cir. 2017). The Court is therefore "satisfied that the defects in the complaint [cannot] be

---

³ The local rule at issue in *Young* stated: "When a motion for leave to file a pleading, motion, or other submission is required, an executed copy of the proposed pleading, motion or other submission shall be filed as an exhibit to the motion for leave." *Young*, 620 F. App'x at 245.
⁴ At the July 26 hearing, Plaintiffs' counsel mentioned an allegation indicating that Deputy Chandlee accused N.M. of criminal conduct during the interview. Although Plaintiffs' counsel has insinuated that such facts were a part of the record, the Court could find no mention of them in Plaintiffs' Amended Complaint [45]. It is worth noting that these new facts also do not appear in Plaintiffs' only uncontested Exhibit [4], which was attached to their original Complaint [1]. And any potential effort to add such an allegation to another amended complaint would be futile, given relevant Mississippi caselaw concerning intentional infliction of emotional distress. *See White v. Walker*, 950 F.2d 972, 977-78 (5th Cir. 1991) (interpreting Mississippi law); *Raiola v. Chevron U.S.A., Inc.*, 872 So. 2d 79, 85 (Miss. Ct. App. 2004) (same).

cured" and is "similarly persuaded and conclude[s] that granting [a] motion to amend would [be] futile." *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 379 (5th Cir. 2014) (finding no abuse of discretion when court refused, without explanation, to allow the plaintiff to amend for a third time).

### III.  CONCLUSION

Plaintiffs' claims are dismissed. Any claims not discussed in this opinion shall be dismissed for the reasons set forth in the prior opinion. [37].

IT IS, THEREFORE, ORDERED AND ADJUDGED that the Motion to Dismiss for Lack of Jurisdiction [46] is GRANTED. Plaintiffs' claims against the District Attorney's Office and Assistant District Attorney Becky Denham *in her official capacity* are DISMISSED WITHOUT PREJUDICE, and Plaintiffs' claims against District Attorney Becky Denham *in her individual capacity* are DISMISSED WITH PREJUDICE.

IT IS, FURTHER, ORDERED AND ADJUDGED that the Motion for Judgment on the Pleadings [51] is GRANTED, and Plaintiffs' claims against Alyssa Chandlee, the Forrest County Sheriff's Department, and the Forrest County Board of Supervisors are DISMISSED WITH PREJUDICE.

SO ORDERED AND ADJUDGED, this the 8th day of September, 2021.

                                              TAYLOR B. MCNEEL
                                              UNITED STATES DISTRICT JUDGE